# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLYDE HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-1071-D |
| ) | |
| BUDDY HONAKER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 19] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff, a state prisoner who appears *pro se* and proceeding *in forma pauperis,* brought this action pursuant to 42 U.S.C. § 1983. Upon reviewing the sufficiency of the Amended Complaint [Doc. No. 18] pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B), Judge Mitchell recommends that the claims in the Amended Complaint [Doc. No. 18] for monetary relief from Defendant Honaker in his official capacity be dismissed without prejudice as barred by the Eleventh Amendment, and that the remaining claims against all Defendants in any capacity be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff has filed a timely objection [Doc. No. 23] to the Report and Recommendation. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or

modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b) inquiry, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).2 "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Specific facts are not necessary," the pleader's allegations need only provide the "defendant fair notice of what the … claim is and the grounds upon which it rests." *Id*. at 1192 (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (internal quotations omitted). "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Judge Mitchell thoroughly discusses the standards for Plaintiff's Eighth Amendment and First Amendment claims. Plaintiff does not object to those standards as laid out by Judge Mitchell. Therefore, the Court will not repeat them here.

2

Plaintiff has no objection to the dismissal of his claims against Defendants in their official capacity but objects to dismissal in their individual capacity. Plaintiff's objections to the Report regarding his Eighth Amendment claims consist of conclusory statements that: (1) the pleaded facts "ARE sufficient to plausibly allege deliberate indifference by all (3) of these defendants"; and, (2) the Defendants are personally involved in Plaintiff's dental treatment and treatment decisions because of their "position [and] authority to administer Plaintiff's prison grievances per ODOC policy." Objection at 2. Plaintiff objects to the Report's conclusions as to his First Amendment claims on the basis that: (1) he was punished and/or retaliated against improperly for pursuing his grievances; and (2) Judge Mitchell relied upon unpublished authority to which he lacked access.

A. **Eighth Amendment Claims**

The Court agrees with Judge Mitchell's findings that Plaintiff failed to plead sufficient facts to demonstrate that any of Defendants acted with "deliberate indifference" indicating a "culpable state of mind." Report at 10. Instead, Plaintiff pleads facts demonstrating that Defendants interpreted ODOC policy guidelines in denying his grievances. Complaint at 5-6.[1] In fact, Plaintiff's Complaint alleges facts indicating the opposite of deliberate indifference. Defendant Knight performed a dental examination of Plaintiff's mouth and considered the ODOC policy relating to denture replacement and repair in denying him a new set, but, nonetheless, referred him to another dentist for further assistance. Complaint at 6.

---

[1] Because Plaintiff's Complaint was submitted on a form in which limited space required his use of additional pages, the Court refers to ECF page numbers.

Plaintiff's Complaint asserts that the ODOC dental policy was inappropriately applied to him but fails to include any facts regarding what the policy states or how it was inappropriately applied. Further, the Complaint fails to identify the ODOC policy in question with any particularity. Plaintiff identifies an ODOC policy in his Objection but it is his Complaint which must contain sufficient facts to place Defendants on notice and to state a claim upon which relief can be granted. Objection at 1, 2. Finally, both his Complaint and Objection rely on conclusory statements that: (1) Defendants had a duty to follow the policy and to supervise employees to ensure the policy was followed; and, (2) "to state I didn't meet the policy guidelines to have my partials fixed was wrong because I need them [and] I am in pain." Complaint 5, 6; Objection at 2, 3.

Plaintiff cites to several cases to support his position that the pleaded facts are sufficient. However, these cases are inapposite. Two of the cases involved application of a policy in contradiction of state law, a circumstance not alleged in his Complaint. *See Dodds v. Richardson*, 614 F.3d 1185, 1204 (10th Cir. 2010) (inmate challenged jail's implementation of Court Clerk policy of refusing pre-set bail in warrant until arraignment where state law placed responsibility for making and implanting jail policies with the county sheriff); *Wright v. Smith*, 21 F.3d 496, 502 (2d Cir. 1994) (superintendent of prison had been notified via a habeas corpus petition of prison's violation of state law requiring that no admission to the Special Housing Unit last longer than fourteen days without a hearing). In Plaintiff's other cited cases, the suing inmate demonstrated actual or constructive knowledge of a specific misapplication of policy. *See, Keith v. Koerner*, 707 F.3d 1185, 1189 (10th Cir. 2013) (inmate alleged facts showing that the warden did not

follow sexual misconduct policy consistently, was aware of sexual misconduct, and pointed to "structural policy problems"); *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (finding sufficient showing of link between warden's deliberate indifference of inmate's ruthless beating and the constitutional deprivation of appropriate medical care where warden was personally informed of the "vicious assault" and did nothing). In this case, Plaintiff has failed to plead any specific facts challenging the dental policy or showing how the policy was incorrectly applied to him or that Defendants were made personally aware of any such incorrect application.

The Court agrees with Judge Mitchell's finding that Plaintiff has failed to allege sufficient facts in his Complaint to demonstrate that Defendants Honaker, Byrd, and Rashti "had any personal involvement in in his dental treatment or treatment decisions" beyond denial of grievances or that Defendant Knight "was deliberately indifferent to his dental well-being." Report at 10, 12. For these reasons, the Court finds that Plaintiff's objections do nothing more than repeat the failings cited by Judge Mitchell and amount to no more than "mere conclusory statements."

### B. First Amendment Claims

In objection to Judge Mitchell's conclusion that placement on grievance restriction did not deny his First Amendment right to access to the courts, Plaintiff asserts only that he cannot respond as Judge Mitchell relies on an unpublished opinion to which Plaintiff lacks access. However, Plaintiff makes no attempt to counter Judge Mitchell's reasoning or the holding of the opinion to which he objects. Instead, Plaintiff cites *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491 1498, 52 L. Ed. 2d 72 (1977), in which the Supreme

5

Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Plaintiff's Complaint raises no issue regarding inadequate law libraries or other legal assistance.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds*, 430 U.S. at 821. In this case the question is whether denial of a grievance and placement on grievance restriction are sufficient facts to plead a claim for violation of that constitutional right. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam)); *see also*, *Gray*, 727 Fed. Appx. at 948.

Plaintiff's First Amendment claim contends only that he was punished for "exercising [his] rights to file a grievance" rather than any contention that the grievance process somehow prevented his access to the courts to seek redress of his lack of adequate dental care. Complaint at 5. The Court agrees with Judge Mitchell's conclusion that those facts are not sufficient. The Tenth Circuit has repeatedly held that "there is no independent constitutional right to state administrative grievance procedures." *Gray v. Geo Grp., Inc.*, 727 Fed. Appx. 940, 948 (10th Cir. 2018); *Burnett v. Allbaugh*, 715 Fed. Appx. 848, 852

(10th Cir. 2017); *Boyd v. Werholtz*, 443 Fed. Appx 331, 332 (10th Cir. 2011); *see also*, *Rauh v. Ward*, 112 Fed. Appx. 692, 693–94 (10th Cir. 2004).

The Court agrees with Judge Mitchell's assessment that: (1) Plaintiff does not claim that Defendants' processing of his grievances denied him access to the courts; and (2) his ability to file the instant action asserting violation of his Eighth Amendment right to receive adequate dental care demonstrates his ongoing access to the courts. Report at 13-14.

## CONCLUSION

Upon *de novo* consideration of Plaintiff's objection, the Court concurs in Judge Mitchell's conclusion that: (1) Plaintiff's claims for monetary relief from Defendant Honaker in his official capacity should be dismissed without prejudice as barred by the Eleventh Amendment; and, (2) Plaintiffs remaining claims against any Defendant in any capacity be dismissed without prejudice for failure to state a claim upon which relief may be granted. Accordingly, the Report and Recommendation is **ADOPTED** as though fully set forth herein.

**IT IS SO ORDERED** this 16th day of May 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE